**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE GOMEZ SANCHEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>TORYUMON JAPANESE HOUSE, INC.<br>d/b/a TORYUMON JAPANESE HOUSE<br>1901 Pennsylvania Avenue NW<br>Washington, DC 20006<br><br>TAO LIN<br>3816 Ridge Road<br>Annandale, VA 22003<br><br>FANGHUANG LIN<br>6206 Thornwood Drive<br>Alexandria, VA 22310<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.      While Plaintiff worked at Defendants' upscale Japanese restaurant as a kitchen laborer, Defendants paid him a semimonthly salary that denied him minimum and overtime wages.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Jose Gomez Sanchez is an adult resident of the District of Columbia.

6. Defendant Toryumon Japanese House, Inc. is a District of Columbia corporate entity. It does business as Toryumon Japanese House. Its principal place of business is located at 1901 Pennsylvania Avenue NW, Washington, DC 20006. Its registered agent for service of process is Ace Corporate Services, Inc., 2406 Chain Bridge Road NW, Washington, DC 20016.

7. Defendant Tao Lin is an adult resident of Virginia. He resides at 3816 Ridge Road, Annandale, VA 22003. He is an owner and officer of Defendant Toryumon Japanese House, Inc. He exercises control over the operations of Toryumon Japanese House, Inc. — including its pay practices.

8. Defendant Fanghuang Lin is an adult resident of Virginia. He resides at 6206 Thornwood Drive, Alexandria, VA 22310. He is an owner and officer of Defendant Toryumon Japanese House, Inc. He exercises control over the operations of Toryumon Japanese House, Inc. — including its pay practices.

**Factual Allegations**

9. Defendants own and operate the restaurant Toryumon Japanese House, located at 1901 Pennsylvania Avenue NW, Washington, DC 20006.

10. Plaintiff worked at Toryumon Japanese House from approximately August 1, 2018 through approximately January 26, 2020.

11. Plaintiff took a leave of absence from Toryumon Japanese House from approximately June 1, 2019 through October 17, 2019, and then again from approximately December 14, 2019 through approximately December 22, 2019.

12. Plaintiff worked at Toryumon Japanese House as a kitchen laborer.

13. Plaintiff's job duties at Toryumon Japanese House primarily consisted of cutting vegetables, washing dishes, and preparing ramen.

14. Plaintiff typically and customarily worked six days per week.

15. Plaintiff typically and customarily worked Tuesday through Sunday.

16. Prior to June 2019, Plaintiff typically and customarily worked sixty-six and a half hours per week.

17. After he returned from his leave of absence in October 2019, Plaintiff typically and customarily worked sixty-four hours per week.

18. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

19. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary |
|---|---|
| Aug. 01, 2018–Jan. 31, 2019 | $1,200.00 |
| Feb. 01, 2019–May 31, 2019 | $1,300.00 |
| Oct. 18, 2019–Jan. 26, 2020 | $1,350.00 |

20. When Plaintiff worked sixty-six and a half hours per week, Defendants paid him the following effective hourly rates:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Aug. 01, 2018–Jan. 31, 2019 | $1,200.00 | $8.33 |
| Feb. 01, 2019–May 31, 2019 | $1,300.00 | $9.02 |

21. When Plaintiff worked sixty-four hours per week, Defendants paid him the following effective hourly rate:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
| --- | --- | --- |
| Oct. 18, 2019–Jan. 26, 2020 | $1,350.00 | $9.73 |

22. At all relevant times, Defendants paid Plaintiff in cash.

23. Plaintiff worked more than forty hours per workweek for Defendants.

24. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

25. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

26. In addition to not paying overtime wages, Defendants did not pay Plaintiff the D.C. minimum wage.

27. D.C. law requires that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

28. D.C. law also requires employers to pay non-exempt employees $0.15 per hour on top of the minimum wage, for an additional maximum of $6.00 per week, if the employer required the employee to purchase, wash, and maintain a uniform. *See* 7 DCMR § 908.1.

29. Defendants required Plaintiff to purchase, wash, and maintain a work uniform. As a result, Defendants were required to pay Plaintiff an additional $6.00 per workweek.

30. Defendants owe Plaintiff approximately $28,305.13 in minimum and overtime wages (excluding liquidated damages).

31. Defendant Fanghuang Lin hired, or participated in the decision to hire, Plaintiff.

32. Defendant Fanghuang Lin fired, or participated in the decision to fire, Plaintiff.

33. Defendant Fanghuang Lin set Plaintiff's work schedule.

4

34. Defendant Fanghuang Lin supervised Plaintiff.

35. Defendant Fanghuang Lin set, or participated in the decision to set, Plaintiff's salary.

36. Defendant Tao Lin hired, or participated in the decision to hire, Plaintiff.

37. Defendant Tao Lin fired, or participated in the decision to fire, Plaintiff.

38. Defendant Tao Lin set Plaintiff's work schedule.

39. Defendant Tao Lin supervised Plaintiff's work.

40. Defendant Tao Lin set, or participated in the decision to set, Plaintiff's salary

41. At all relevant times, Defendants had the power to hire and fire Plaintiff.

42. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

43. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

44. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

45. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

46. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

47. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

48. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

49. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

50. At all relevant times, Defendants had employees who handled food products, such as chicken, fish, or vegetables, that had been raised, caught, or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

53. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

54. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

55. Defendants' violations of the FLSA were willful.

56. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

59. The DCMWA requires that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

60. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

61. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

62. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

63. Defendants' violations of the DCMWA were willful.

64. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

65. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

66. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

67. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

68.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

69.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

70.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

71.     Defendants' violations of the DCWPCL were willful.

72.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$118,651.20**, and grant the following relief:

   a.     Award Plaintiff $113,220.50, consisting of the following overlapping elements:

       i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.     unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,030.70);

d.    Award Plaintiff court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: March 5, 2020                                    Respectfully submitted,

                                                        /s/ Justin Zelikovitz
                                                        JUSTIN ZELIKOVITZ, #986001
                                                        DCWAGELAW
                                                        519 H Street NW
                                                        Washington, DC 20001
                                                        Phone: (202) 803-6083
                                                        Fax: (202) 683-6102
                                                        justin@dcwagelaw.com

                                                        *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Justin Zelikovitz